UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br>CDCR #AL-1830,<br><br>                                Plaintiff,<br><br>    v.<br><br>UNITED STATES MARSHALS<br>SERVICE AGENTS, et al.<br>                               Defendants. | Case No.: 17-cv-0414-WQH-BLM<br><br>**1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF Doc. No. 9]** |

Kyle James ("Plaintiff"), currently housed at the California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). (ECF No. 1). Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 9).

**I.    Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Court may conduct a sua sponte review of Plaintiff's pleading because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated

1

delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### A. Previous action

As an initial matter, the Court takes judicial notice that Plaintiff filed similar claims in an action filed in 2014. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Here, Plaintiff filed nearly identical claims against the same Defendants in *James v. Unnamed Defendants*, *et al.*, S.D. Cal. Civil Case No. 3:14-cv-02936-WQH-JMA ("*James I*"). In the First Amended Complaint filed in *James I*, Plaintiff claimed that United States Deputy Marshals "maliciously" slandered him "by lying to everyone I've ever known and associated with that I am a violent child rapist capable of murder." (*James I*, ECF No. 3, at 3.) Plaintiff also alleged that a prosecutor with the United States Attorney's Office "maliciously turned over jurisdiction" of his criminal matter involving a robbery to the San Diego County District Attorney's Office in order to give Plaintiff a "life sentence" instead of the ten to fifteen years he would have faced under federal criminal sentencing. (*Id.* at 4.)

In *James I*, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously

dismissed his amended complaint on the grounds that he had failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (*James I*, ECF No. 4 at 7-8.) Specifically, to the extent that Plaintiff alleged actions on the part of the defendants that influenced his ongoing criminal proceedings, the Court found that his claims amounted to "an attack on the validity of his underlying criminal proceeding, and as such, are not addressable under 42 U.S.C. § 1983, unless he alleges and can ultimately show that conviction has already been invalidated." *Id.* at 4. Plaintiff's claims were dismissed for failing to state a claim "without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction." *Id.* at 5 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)).

In addition, the Court found that Plaintiff's claims, while brought pursuant to 42 U.S.C. § 1983, in fact arose under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*James I*, ECF No. 4 at 5-6). The Court dismissed some of the named defendants because they were federal agencies and *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *Id.* at 6 (citing *FDIC v. Meyer*, 510 U.S. 471, 486 (1994)).

Plaintiff was granted forty five (45) days to file an amended pleading in order to correct the deficiencies identified in the Court's Order. *Id.* at 8. However, Plaintiff failed to do so and therefore, on April 22, 2015 the Court dismissed the entire action without prejudice for failing to comply with a Court Order and for the reasons set forth in the Court's January 15, 2015 Order. (*James I*, ECF No. 8.) Judgment was entered the following day on April 23, 2015. (*James I*, ECF No. 9.)

**B. Current litigation**

Plaintiff filed this current action on February 24, 2017 ("*James II*"). (ECF No. 1.) Plaintiff purports to bring this action pursuant to "5 U.S.C. § 702, Federal Question Jurisdiction and 42 U.S.C. § 1983 and F.T.C.A and Pendent Jurisdiction 28 U.S.C. § 1367." (*Id.* at 1.)

1. <u>Factual allegations</u>

Plaintiff claims that he was on federal probation in 2013 when he "absconded Dec 2013 - March 17, 2014 with an active Federal warrant giving the United States Marshals Service ("USMS") jurisdiction" over him. *Id.* Plaintiff claims that in March of 2014, the USMS "worked with the San Diego Sheriff's Dep't as part of the Regional Fugitive Task Force." *Id.* at 2. Plaintiff claims that he was charged with crimes that were "unfounded and unsupported by evidence" and some of these charges were dismissed in September of 2016 while Plaintiff was convicted of bank robbery. *Id.* Plaintiff alleges that five unnamed USMS Deputies, along with USMS Deputy Brown and USMS Deputy Laney "acted maliciously" and "slandered" Plaintiff in March of 2014. *Id.* at 7. Plaintiff claims that they lied to his "friends, family, and associates" by claiming that Plaintiff had "raped a little girl." (*Id.*) As a result of these actions, Plaintiff alleges he was the "target for serious harm and injury to the point of death." (*Id.*) Plaintiff also alleges that "due to the actions and misconduct of the 'Marshals,' people to this day think/believe that the lies the Marshals told are true putting the Plaintiff's life at risk in the future." (*Id.* at 7-8.)

 2. *Bivens* and 42 U.S.C. § 1983

As the Court informed Plaintiff in the *James I* matter, because he is naming federal officials as Defendants, his claims of constitutional violations arise under *Bivens* rather than 42 U.S.C. § 1983. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978); *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (under *Bivens*, "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights.").

To state a claim under *Bivens*, Plaintiff must allege that a person acting under color of federal law deprived him of his constitutional rights. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Thus, the Ninth Circuit considers "[a]ctions under § 1983 and those under *Bivens* [as] identical save for the replacement of a state actor under § 1983 by

4

a federal actor under Bivens." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *Hartman v. Moore*, 547 U.S. 250, 254, 254 n.2 (2006) (a suit brought pursuant to *Bivens* is the "federal analogue" to § 1983).

### 3. Eighth Amendment claims

Plaintiff claims that his "life is at risk in the future" due to the fact that the USMS Deputies have labeled him a child molester. (ECF No. 1 at 8). Plaintiff refers to this claim as a "deliberate indifference to safety claim" and thus, the Court will construe this claim as arising under the Eighth Amendment as Plaintiff is currently incarcerated. Plaintiff also purports to bring an Eighth Amendment "cruel and unusual punishment" claim based on the "malicious and sadistic actions of the U.S. Marshals in 2014 March lying telling my entire community that I was a child rapist." *Id.* at 13. Plaintiff alleges that the statements by the Defendants "amounted to cruel and unusual punishment" and were "such a severe threat" that Plaintiff "ended up in prison for 38 years to life for 2 bank Robberies." *Id.* Plaintiff contends that the threat created by Defendants' statements "pushed [him] into robbing a bank because I felt I had no other option and that I had to . . . survive the 'wildfire' the Marshals spread." *Id.*

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citing U.S. Const. amend. VIII). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citations omitted).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson*, 217 F.3d at 731. To state an Eighth Amendment failure to protect claim, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison officials he seeks to hold liable were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To

demonstrate deliberate indifference, Plaintiff must show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer,* 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

There are no facts from which the Court could conclude that Defendants acted with "deliberate indifference" to a serious risk of harm to Plaintiff. Plaintiff's allegations are broad, vague, and fail to identify how any inmate he is currently incarcerated with is aware of the comments allegedly made by Defendants. Instead, Plaintiff claims defamation and injuries to his reputation with his friends, family, and community, which is not a federally protected right. *See Paul v. Davis*, 424 U.S. 785, 708-712 (1976) (a defamatory publication, however seriously it may have harmed someone's reputation, did not deprive him of any liberty or property interest protected by the Due Process Clause). Further, Plaintiff fails to allege sufficient facts to establish that the alleged statements by Defendants made prior to Plaintiff's conviction for robbery and current incarceration constitute cruel and unusual punishment prohibited by the Eighth Amendment. For these reasons, the Court finds Plaintiff's Eighth Amendment claims must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

    4. <u>FTCA claims</u>

Plaintiff also purports to bring claims under the FTCA alleging defamation, slander, negligence and intentional infliction of mental or emotional distress. (ECF No. 1 at 9-12). The FTCA provides a remedy "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee. 28 U.S.C. § 2672. However, the FTCA provides that the exclusive remedy for torts committed by federal employees is a suit against the United States. 28 U.S.C. § 2679(b)(1). While Plaintiff did name the United States as a Defendant, he also named the United States Marshal Service, which is an agency of the federal government. (ECF No. 1 at 1, 4.) The sole permissible Defendant in a claim under the FTCA is the United States and thus, the

Court DISMISSES any FTCA claims against the United States Marshals Service and individual defendants. *See* 28 U.S.C. §§ 1346(b), 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).

To the extent that Plaintiff seeks to pursue claims of defamation and slander against the United States under the FTCA, these claims must be dismissed. The FTCA does not waive sovereign immunity as to claims arising out of "libel, slander, misrepresentation, deceit and interference with contract rights." 28 U.S.C. § 2680(h). The Court lacks subject matter jurisdiction to hear these claims and thus, these claims are DISMISSED without leave to amend as amendment would be futile.

Plaintiff also brings a negligence and an intentional infliction of emotional distress ("IIED") claim arising from the same set of facts he attributes to his defamation and slander causes of action. (ECF No. 1 at 9-12). "In determining whether a claim 'arises out of' one of the enumerated torts, we look beyond a plaintiff's classification of the cause of action to examine whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." *Sabow v. U.S.*, 93 F.3d 1445, 1456 (9th Cir. 1996).

As to Plaintiff's IIED claim, he alleges that Defendants lied "to the entire community convincing people I was a child rapist." (ECF No. 1 at 9.) As for Plaintiff's negligence claim, he claims that Defendants told "lies" that he had "allegedly raped a little girl" and they "convince[ed] the public that I was a 'child rapist.'" *Id.* at 11. These facts upon which these claims are based arise from the same set of facts that Plaintiff seeks to pursue in his defamation and slander claims which are barred under the FTCA. *See* 28 U.S.C. § 2680(h). Accordingly, because Plaintiff's negligence and IIED claims arise from the alleged defamation and slander claims, these claims are also barred by § 2680(h). *Thomas-Lazear v. Federal Bureau of Investigation*, 851 F.2d 1202, 1207 (9th Cir. 1988).

Thus, the Court DISMISSES all of Plaintiff's claims brought pursuant to the FTCA for failing to state a claim upon which relief may be granted.

### III. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

(2) **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 9) as moot and without prejudice to be re-opened if Plaintiff files an amended pleading.

Dated: August 8, 2017

*[signature]*
Hon. William Q. Hayes
United States District Court