UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES, CDCR #BB-1457,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES MARSHALS SERVICE AGENTS, K. LANEY; BROWN; JOHN BUCKLEY; JOHN DOES; UNITED STATES OF AMERICA. UNITED STATES MARSHALS SERVICE ,<br><br>Defendants. | Case No. 3:17-cv-0414-WQH-BLM<br><br>**ORDER** |

Kyle James ("Plaintiff"), proceeding pro se, and currently incarcerated at Corcoran State Prison located in Corcoran, California, initially filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2017. (ECF No. 1.)

**I.     Procedural Background**

On August 08, 2017, the Court dismissed his Complaint sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and denied his Motion to Proceed *In Forma Pauperis* as moot. (ECF No. 18). The Court granted Plaintiff 45 days in which to file an Amended Complaint that cured these pleading

deficiencies. (*Id.* at 7-8, *see Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (noting that leave to amend should be granted when complaint is dismissed sua sponte under § 1915 "if it appears at all possible that the plaintiff can correct the defect.").)

The record reflects that Plaintiff did not file an Amended Complaint or a motion for an extension of time in which to file an Amended Complaint within this time period. *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal."). On October 16, 2017, the Court issued an Order dismissing the entire action for the reasons set forth in the August 8, 2017 Order and for failure to prosecute pursuant to FED. R. CIV. P. 41(b). (ECF No. 19 at 2.) The matter was closed and judgment was entered. (ECF No. 20.)

Plaintiff has now filed a document titled "Informal Notice to Judge William Hayes and Request for Judicial Assistance" which the Court liberally construes as a motion for reconsideration of the October 16, 2017 Order. (ECF No. 22.) In addition, Plaintiff has filed a Motion to Appoint Counsel. (ECF No. 24.)

## II. Motion for Reconsideration

Plaintiff asserts that he is "not demanding punitive or nominal damages (or any damages at all) but instead is seeking a "declaration of truth and an apology written from the United States Marshals Service." (ECF No. 22 at 2.) He further contends that "some venue of writ or hearing or counsel must surely exist to address this type of issue." (*Id.*) Plaintiff also states "[i]f the Court will grant Plaintiff an extension of time he will surely continue his research and hard work searching for the answers to the unknown legal issues in stating a claim." (*Id.* at 1.)

A motion requesting reconsideration of a matter previously decided may be construed as a motion to alter an order pursuant to Rule 60(b). *See In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or

excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court concludes that Plaintiff's motion contains grounds justifying relief under Rule 60(b). The Court will set aside the judgment entered on October 18, 2017 and vacate the Order dismissing the action without further leave to amend. The Court will permit Plaintiff leave to file a First Amended Complaint. However, the Court DENIES Plaintiff's request that this Court "treat this complaint as one judicially noticed as a different venue than Bivens or [Federal Torts Claim Act]." (ECF No. 22 at 2.) It appears that Plaintiff is seeking legal advice from this Court by asking the Court to determine which legal theory Plaintiff should use to proceed in this matter. The Court cannot provide Plaintiff with legal advice.

**III. Motion for Appointment of Counsel**

Plaintiff requests "temporary assistance of appointed counsel just for the purpose of stating a claim." (ECF No. 24 at 1.) Plaintiff acknowledges that he has filed "multiple § 1983 cases" that are "with merit and supported by the evidence." (*Id.* at 2.) All complaints submitted by any pro se litigant, no matter how "inartfully pleaded" are held to "less stringent standards that those drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). There is no constitutional right to counsel in a civil case and nothing in Plaintiff's latest filings suggest the Court should exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1). *See Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In proceedings in forma pauperis, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of

3

3:17-cv-0414-WQH-BLM

success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer*, 560 F.3d at 970.

To date, Plaintiff has filed six § 1983 complaints in this Court. All of these matters, including this case, contain factual allegations, legal arguments and exhibits in support. These pleadings demonstrate that while Plaintiff may not be formally trained in law, he has nevertheless shown he is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are not legally "complex." *Agyeman*, 390 F.3d at 1103. Plaintiff's original Complaint was dismissed for failure to state a claim and Plaintiff has not yet filed any amended Complaint. Accordingly, Plaintiff has not shown he is likely to succeed on the merits at this stage in the proceedings. *Id.*; *see also Cano v. Taylor*, 1218 (9th Cir. 2014).

Therefore, Plaintiff's Motion for Appointment of Counsel (ECF No. 24) must be DENIED.

## II. Conclusion and Order

Accordingly, the Court:

(1) DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 24);

(2) GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Relief from Judgment;

(3) DIRECTS the Clerk of Court to set aside the Judgment entered on October 18, 2017 (ECF No. 20) and vacate the Order dismissing the action without further leave to amend on October 16, 2017 (ECF No. 19);

(4) GRANTS Plaintiff sixty (60) days to file a First Amended Complaint which cures all the deficiencies of pleading identified in the Court's August 8, 2017 Order. Plaintiff is cautioned, however, that should he choose to file a First Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928

(9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff files a First Amended Complaint that still fails to state a claim, his case may be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: November 20, 2017

Hon. William Q. Hayes
United States District Court