UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHAL SERVICE, et al.,<br><br>         Defendants. | Case No.: 3:17-cv-0414-WQH-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR IMMEDIATE ACTION; AND**<br><br>**(2) GRANTING EXTENSION OF TIME TO FILE TO FILE FIRST AMENDED COMPLAINT** |

  Kyle James ("Plaintiff"), currently housed at the San Diego Central Jail located in San Diego, California, and proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). *See* Compl. at 1, ECF Doc. No. 1. On August 8, 2017, the Court DISMISSED this action for failing to state a claim pursuant to 28 U.S.C. § 1915A. ECF Doc. No. 18. Plaintiff was granted forty five (45) days leave to file a First Amended Complaint. *Id.* When that time passed and Plaintiff failed to comply with the Court's Order, the entire action was dismissed. ECF Doc. No. 19.

Plaintiff later filed a Motion to Set Aside the Judgment which the Court GRANTED, in part, on November 20, 2017. ECF Doc. No. 27. Plaintiff was given an additional sixty (60) days leave to file a First Amended Complaint. *Id.*

On January 3, 2018, Plaintiff filed a "Motion for Immediate Action" which the Court liberally construes as a motion seeking immediate injunctive relief and a "Motion for Extension of Time to File First Amended Complaint." ECF Doc. Nos. 30, 32.

## I.  Plaintiff's Motion for Preliminary Injunction

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

In Plaintiff's Motion, he claims that he is now a "pretrial detainee" and is housed at the San Diego Central Jail. Pl.'s Mot., ECF Doc. No. 30, at 1. He claims that he arrived there from Corcoran State Prison on December 21, 2017 but as of December 27, 2017 he has not been given his boxes of legal property. *Id.* at 1-2. Plaintiff seeks an Order from this Court ordering the "Office of County Counsel to track legal property and ensure Plaintiff's very expensive library of legal books and case discovery be returned." *Id.* at 2.

All the named Defendants in the matter before this Court are alleged to be federal employees and none of the name Defendants are alleged to be employed by the County of San Diego. Plaintiff is seeking injunctive relief that would require the Court to presume

2

3:17-cv-0414-WQH-BLM

jurisdiction over parties who are not part of this action. The Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over County of San Diego officials. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

In addition, Plaintiff has indicated that his counsel representing him in his state criminal proceedings is already seeking this relief in the State Court on his behalf. *See* Pl.'s Mot. at 2-3. Thus, Plaintiff's submission fails to set out "specific facts in an affidavit or a verified complaint ... [which] clearly show that immediate and irreparable injury, loss, or damage will result ... before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

Therefore, Plaintiff's Motion for "Immediate Action" must be DENIED.

## II. Conclusion and Order

For these reasons, IT IS ORDERED that:

(1) Plaintiff's Motion for "Immediate Action," ECF Doc. No. 30, is DENIED without prejudice.

(2) Plaintiff's Motion for Extension of Time to file his First Amended Complaint ("FAC"), ECF Doc. no. 32, is GRANTED. The Court will grant Plaintiff one final extension to file his FAC in this matter. Plaintiff is granted **sixty (60)** days leave to file a FAC from the date this Order is filed. Plaintiff's FAC must cure all the problems with his previous pleadings identified in the Court's August 8, 2017 Order.

If Plaintiff fails to file an amended pleading within sixty (60) days, this entire action will be dismissed for the reasons set forth in the Court's August 8, 2017 Order and for failing to comply with a Court Order.

Dated: January 11, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court