UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES,<br><br>                            Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHAL SERVICE, et al.,<br><br>                          Defendants. | Case No.: 3:17-cv-0414-WQH-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR IMMEDIATE RELIEF AND JUDICIAL ASSISTANCE; AND**<br><br>**(2) DENYING MOTION FOR ACCESS TO THE COURTS**<br><br>**[ECF Doc. Nos. 34, 37]** |

Kyle James ("Plaintiff"), currently housed in the George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). *See* Compl. at 1, ECF Doc. No. 1. On August 8, 2017, the Court dismissed this action for failing to state a claim pursuant to 28 U.S.C. § 1915A. ECF Doc. No. 18. Plaintiff was granted forty five (45) days leave to file a First Amended Complaint. *Id.* When that time passed and Plaintiff failed to comply with the Court's Order, the entire action was dismissed. ECF Doc. No. 19.

Plaintiff later filed a Motion to Set Aside the Judgment which the Court granted, in part, on November 20, 2017. ECF Doc. No. 27. Plaintiff was given an additional sixty (60) days leave to file a First Amended Complaint. *Id.*

On January 3, 2018, Plaintiff filed a "Motion for Immediate Action" which the Court liberally construed as a motion seeking immediate injunctive relief and a "Motion for Extension of Time to File First Amended Complaint." ECF Doc. Nos. 30, 32. The Court DENIED Plaintiff's "Motion for Immediate Action" and GRANTED him an extension of time to file his First Amended Complaint. ECF Doc. No. 35.

However, Plaintiff has instead filed an "Emergency Extraordinary Writ for Immediate Relief," along with a "Motion to the Court to Order San Diego Central Jail Grant Plaintiff Access to the Courts." ECF Doc. Nos. 34, 37.

## I. Plaintiff's Motion for "Immediate Relief"[1]

The Court will construe Plaintiff's Motions as motions seeking injunctive relief. Plaintiff claims he is a "pre-trial detainee" who seeks an order from this Court "transferring Plaintiff into federal custody." (Pl.'s Mot., ECF Doc. No. 34 at 2-3.) He also seeks an Order from this Court directing the San Diego County Sheriff's Department to "grant Plaintiff 'pro-per' status which entitles Plaintiff to 'meaningful' assistance in preparing and filing legal papers." (Pl.'s Mot., ECF Doc. No. 37, at 1.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245

---

[1] Plaintiff also filed the identical Motion is three other civil actions. They are *James v. Agnew, et al.*, S.D. Cal. Civil Case No. 3:15-cv-00409-AJB-MDD; *James v. Lee, et al.*, S.D. Cal. Civil Case No. 3:16-cv-01592-AJB-JLB; *James v. Emmens, et al.*, S.D. Cal. Civil Case No. 3:16-cv-02823-WQH-NLS.

U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)–(C).

All the named Defendants in the matter before this Court are alleged to be federal employees and none of the named Defendants are alleged to be employed by the County of San Diego. Plaintiff is seeking injunctive relief that would require the Court to presume jurisdiction over parties who are not part of this action. The Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over County of San Diego officials. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727–28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

As previously noted, Plaintiff filed the identical motions in a total of four cases he has filed in the Southern District of California. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Plaintiff's Motion for a preemptory writ seeking to be released from the custody of the San Diego County Sheriff's Department, where he was placed by the San Diego Superior Court, has already been denied. *See James v. Emmens, et al.*, S.D. Cal. Civil Case No. 3:16-cv-02823-WQH-NLS, ECF Doc. No. 81.

Plaintiff's Motion seeking an Order from the Court directing the San Diego Sheriff's Department to grant him "pro-per" status has also been previously denied. *See id.*, ECF Doc. No. 89.

Therefore, for all these reasons, Plaintiff's Motions for injunctive relief must be

DENIED.

## II. Request for Judicial Notice

Plaintiff also requests this Court "take notice of status and update in Legal Property issues and psych/pain medication." ECF Doc. No. 37 at 1–2. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1)–(2). Here, the Court finds that Plaintiff is alleging certain facts that are subject to reasonable dispute. Thus, Plaintiff's request for judicial notice is DENIED.

## III. Conclusion and Order

IT IS HEREBY ORDERED that Plaintiff's Motion for "Immediate Relief" and Motion for "Access to Courts" are DENIED. Plaintiff's request for judicial notice is also DENIED. ECF Doc. Nos. 34, 37.

Dated: March 6, 2018

Hon. William Q. Hayes
United States District Court

